People v Torres (2022 NY Slip Op 05803)

People v Torres

2022 NY Slip Op 05803

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Ind. No. 3547/15,180/16 Appeal No. 16461-16461A Case No. 2016-02909 

[*1]The People of the State of New York, Respondent,
v
Quinn Torres, Also Known as Louie Torres, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgments, Supreme Court, New York County (Robert M. Mandelbaum, J. at suppression hearing; Anthony J. Ferrara, J. at jury trial, plea and sentencing), rendered July 8, 2016, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree (22 counts), and also convicting him, upon his plea of guilty, of criminal possession of a forged instrument in the second degree, and sentencing him to an aggregate term of 2 to 6 years, unanimously affirmed.
The court providently exercised its discretion, and complied with CPL 200.70, by changing the caption, which originally identified defendant as Louie Torres, to refer to him instead as Quinn Torres, a/k/a Louie Torres. Defendant initially identified himself as Louie Torres and presented a driver's license bearing that name, but the court reasonably amended the caption after he signed a document in court as Quinn Torres, and subsequently admitted that his name was Quinn Torres. The amendment did not change the theory of the prosecution. Defendant argues that Louie Torres is an actual person, defendant's cousin, and that the forged credit cards at issue were in Louie Torres's name. However, the prosecution's theory in the grand jury and throughout the prosecution was that the sole person arrested in this case, regardless of his true name, was guilty of possessing these cards. There was never any "theory" that defendant's cousin or anyone else committed this crime. Defendant's claim that he was prejudiced by the "a/k/a Louie Torres" caption is unpersuasive, particularly because the trial evidence showed that defendant did, at some points, identify himself by that name. Moreover, the court minimized any prejudice by instructing the jury that the indictment was merely "a piece of paper containing an accusation" and was "not proof of anything" or "evidence of anything," which the jury presumably followed (see People v Davis, 58 NY2d 1102 [1983]).
The court properly denied defendant's suppression motion. There is no basis for disturbing the hearing court's credibility determinations. Defendant's alternative argument that the police observation of marijuana in the car he had been driving was insufficient to provide probable cause under Penal Law § 222.05(3) is unavailing, because the statute does not apply retroactively (see People v Pastrana, 205 AD3d 461, 463 [1st Dept 2022], lv granted 38 NY3d 1135 [2022]). In any event, the statute would not apply to this particular case, because the finding of probable cause to arrest was not "based solely on evidence of" cannabis possession in the amounts authorized by law (Penal Law § 222.05[3] [emphasis added]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). We likewise find no basis for disturbing the jury's credibility determinations.
Defendant did not preserve his contention that the court improperly limited his counsel's summation, and we decline to review it in the [*2]interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's excessive sentence claim is moot, because he has completed his entire sentence, including parole supervision (see People v Alexander, 148 AD3d 521 [1st Dept 2017]). Defendant raises no issues regarding his conviction by plea of guilty.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022